

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom A. Craven
County Auditor
McLennan County
Waco, Texas

Dear Sir:

Opinion No. O-3061
Re: Can a commissioners' court
purchase road machinery
for one precinct, paying
a part of such purchase
price out of 1941 revenues
and issue interest bearing
warrant for payment of bal-
ance of the purchase price
out of the Road and Bridge
Fund revenues for 1942?

Your recent request for an opinion of this depart-
ment upon the above stated question has been received.

We quote from your letter as follows:

"The Commissioners' Court of McLennan, at
a recent meeting, entered an order on the court
minutes to purchase road machinery for one of
the commissioner's precincts, proposing to pay
a part of the purchase price out of 1941 reve-
nues and handle the balance on a deferred pay-
ment basis, to be paid out of 1942 Road and
Bridge Fund Revenues.

"It occured to me, as county auditor, that
there would possibly be some question whether
or not the Commissioners' Court could legally
contract a debt to be liquidated out of antic-
ipated revenues of a subsequent year and I re-
quested that they withhold consumation of this
transaction, pending legal advise from the
County Judge on the point. The enclosed let-
ter from the County Judge of McLennan County,
addressed to me, resulted.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"I shall thank you to advise me whether
or not a Commissioners' Court can purchase
road machinery for one precinct, paying a
part of such purchase price out of 1941 reve-
nues and issue interest bearing warrant or
note for payment of balance of purchase price
to be paid out of Road and Bridge fund reve-
nues for 1942."

The letter from Honorable D. Y. McDaniel, County
Judge, addressed to you, which was enclosed with your inquiry,
reads as follows:

"As you know, the Commissioners' Court
of this County desires to purchase certain
road equipment and machinery for one of the
precincts in the County, but such precinct
does not have sufficient available funds dur-
ing the year 1941 to carry on the necessary
work in such precinct and fully pay for the
equipment which the Court contemplates buying.
Such situation raises the following question,
to-wit:

"'Can Commissioners' Court purchase road
machinery for one precinct, paying a part of
such purchase price out of 1941 revenues and
issue interest bearing warrant or note for pay-
ment of balance of purchase price to be paid
out of Road and Bridge fund revenues for 1942?'

"In connection with this question I call
your attention to Article 11, Section 7, of
the Texas Constitution, and also call your at-
tention to the following cases which apparently
bear on the subject, as follows:

"City of Terrell vs. Dessaint, 9 S.W. 593;
McNiel vs. City of Waco, 33 S.W. 332;
Lasater vs. Lopez, 201 S.W. 1041; and,
Case of Trashing Machine Company vs. Camp
County, 218 S.W. 1.

"By reason of the ruling in the cases above
cited as well as Article 11, Section 7, of the
Texas Constitution, there is great doubt in my

mind that the Commissioners' Court can obligate
future revenues for the payment of a present
obligation in the manner contemplated; however,
I feel that this matter should be submitted to
the Attorney General for an opinion and I will
appreciate it if you will do so."

The above stated question is answered in the affirm-
ative for reasons stated in our Opinion No. O-1703 (Conference
Opinion No. 3098), a copy of which is enclosed for your infor-
mation. Provided, however, that at the time the contract of
purchase is made, a tax is levied to pay the debt and interest
thereon as provided in Section 7, Article 11 of the State Con-
stitution. Austin Bros. v. Montague County, 291 S.W. 688,
10 S.W. (2nd) 718; Colonial Trust Co. v. Hill County, 18 S.
W. (2d) 787, 27 S. W. (2d) 144; Colonial Trust Co. v. Hill
County, 294 S. W. 516.

Trusting that the foregoing fully answers your in-
quiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

S/ Ardell Williams
Assistant

AW:RS

APPROVED JAN. 30, 1941
S/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED - Opinion Committee

By BWB - Chairman